IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DELISA E. MASTERSON                                                                                    PLAINTIFF

v.                                    Civil No. 12-2091

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                         DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Delisa Masterson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her applications for DIB and SSI on February 14, 2008, alleging an onset date of December 16, 2006, due to back pain, neck pain, status post closed reduction for a fractured left elbow, hypothyroidism, major depressive disorder, and borderline intellectual functioning ("BIF"). Tr. 14, 129, 148, 193-194, 206, 238, 258. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 68-71. An administrative hearing was held on April 26, 2010. Tr. 40-66. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 48 years old and possessed an eighth grade education. Tr. 44. She had past relevant work "(PRW")" experience as a housekeeping cleaner and assembler. Tr. 46-48, 159, 181-192.

On May 5, 2010, the ALJ found Plaintiff's hypothyroidism, fractured left elbow status post closed reduction, major depressive disorder without psychosis, and BIF to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.

AO72A
(Rev. 8/82)

4. Tr. 16-20. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> lift and/or carry at least twenty pounds occasionally and at least ten pounds frequently; to stand and/or walk for at least six hours total during and eight hour work day; and to sit for at least six hours total during an eight hour work day. She can reach with the (non dominant) left hand occasionally. She can perform both simple, routine (unskilled) tasks, but not detailed (semiskilled) tasks, or complex (skilled) tasks which do not require interaction with the general public. She has no other work-related functional limitations.

Tr. 20-26. The ALJ then concluded that Plaintiff could return to her PRW as a housekeeping cleaner. Tr. 26.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on February 22, 2012. Tr. 1-7. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 11.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's determination that Plaintiff's back and neck pain are non-severe impairments. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433

3

F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms. *See* 20 C.F.R. §§ 404.1508, 404.1527.

The record is replete with references to Plaintiff's back and neck pain. In March 2008, x-rays of her lumbar spine showed old Scheurmann's disease at the T12 and L1 levels and minimal spondylosis at multiple levels. Tr. 378. In July 2008, her back was tender from the L3 to the S1 levels, and she reported that the Tramadol prescribed to treat her back pain was not effective. Tr. 265. By October, Plaintiff indicated that her back pain was radiating to her right hip and leg. Tr. 386-387. At this time, Plaintiff's paralumbar muscles were tender. A CT scan showed disc bulging at the L3-4 levels with neuroforaminal narrowing. Tr. 389, 401. In spite of the doctor prescribing Meloxicam, Plaintiff reported no improvement in her pain. Tr. 390. In January 2009, the doctor injected her neck and prescribed Cyclobenzaprine and Tramadol. Tr. 395. Again, the pain continued and Plaintiff received an injection into her lower back in May 2009. Tr. 401. In September 2009, Plaintiff was prescribed Darvocet for continued back pain. However, it appears that she continued to experience pain. Tr. 409, 415, 417.

Given the aforementioned evidence, we believe that remand is necessary to allow the ALJ to reevaluate the severity of Plaintiff's back and neck impairments. In so doing, the ALJ should also carefully consider the medications Plaintiff has been prescribed to treat her pain, as well as the side effects of those medications. It is also imperative that the ALJ consider Plaintiff's alleged obesity in conjunction with her neck and back impairments, given that the combined effects of obesity with other impairments may be greater than might be expected if the individual were not obese. *See* Social Security Ruling 02-1p.

The undersigned is also concerned by the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

As mentioned above, Plaintiff suffered from lower back and neck issues that were not incorporated into the RFC assessment. In addition, it appears that the ALJ did not fully consider Plaintiff's left arm impairment when determining that she could occasionally reach with her left hand. Records indicate that Plaintiff dislocated and fractured her left elbow in November 2007. Tr. 272, 274. It was manipulated and reduced under anesthesia. Tr. 275. X-rays taken in November 2007 indicated that her elbow was "presumed" to be healing. Tr. 295. However, she continued to experience pain and limitation. In June 2008, Plaintiff had a limited range of motion in her left elbow with extreme pain with supination and pronation. Tr. 310. In July, she continued to have a restricted range of motion in her left

(Rev. 8/82)

elbow. Tr. 265. And, by October, Plaintiff could not fully extend her arm, and reported difficulty holding on to things. Tr. 386-387. Even the consultative examiner noted Plaintiff's restricted range of motion. Tr. 310. And, while we note that none of Plaintiff's treating doctors have opined that Plaintiff was unable to work or had specific limitations, we also note that none of these doctors were asked to provide an RFC assessment. As such, their mere silence can not be used against the Plaintiff. *See Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment."). Accordingly, we believe remand is also necessary to allow the ALJ to reevalute the limitations resulting from Plaintiff's left elbow fracture and dislocation, and to obtain RFC assessments from her treating doctors. *See* Social Security Ruling 96 - 5p . ("Adjudicators are generally required to request that acceptable medical sources provide [medical source] statements with their medical reports.").

### IV.　Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

AO72A
(Rev. 8/82)

DATED this 22nd day of March 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**