IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DELISA E. MASTERSON                                            PLAINTIFF

　　　v.                            CIVIL NO.:12-2091

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.　**Procedural Background:**

　　　Plaintiff, Delisa Masterson, appealed the Commissioner's denial of benefits to this court.

On April 15, 2013,, an Order was entered remanding the case pursuant to sentence four of 42

U.S.C. § 405(g).  ECF No. 14.

　　　Plaintiff now moves for an award of $5, 018.55 in attorney's fees under 28 U.S.C. § 2412,

the Equal Access to Justice Act (hereinafter "EAJA"), for 18.90 attorney hours performed in

2012 at a rate of $180.00 per hour; 1.62 attorney hours in 2013 at a rate of $182.00; and, 17.55

paralegal hours at an hourly rate of $75.00.  ECF No. 16-1.  The Defendant has filed a response

to Plaintiff's motion, objecting to the number of attorney and paralegal hours requested.  ECF

No. 171.  Plaintiff also filed a reply on July 31, 2013.  ECF No. 18.  A hearing on this matter was

not required, as the issue raised in the defendant's appeal brief has previously been addressed by

this Court.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner
Michael J. Astrue as the defendant in this suit.

II.   **Applicable Law**:

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After reviewing the file, we find plaintiff is a prevailing party in this matter.  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

2

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit.  *Pierce v. Underwood,* 487 U.S. 552, 573 (1988).  The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)).  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

3

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour.  *See* 28 U.S.C. § 2 412(d)(2)(A).  Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index

## III.   Discussion:

In the present action, Plaintiff's case was remanded to the SSA.  ECF No. 13, 14. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA.  ECF Nos. 17.  The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

### A.   Hourly Rate for Services Performed:

Plaintiff requests a total award of $5,018.55 under the EAJA.  Specifically, she requests these fees be paid at an hourly rate of $180.00 for work performed in 2012 and $182.00 for work

4

performed in 2013. These hourly rates are authorized by the EAJA because counsel has submitted proof supporting his request for a higher fee.

Plaintiff's counsel has also requested compensation for paralegal hours at the rate of $75.00 per hour. The undersigned finds $75.00 to be a reasonable rate for the services of a trained paralegal. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008). Accordingly, we find that the EAJA authorizes the reimbursement of paralegal services at the rate of $75.00 per hour.

**B.    Tasks Performed Prior to the Filing of the Complaint:**

The Defendant objects to counsel's request for both attorney and paralegal time associated with tasks that were performed prior to the filing of the complaint in federal court. Citing *Sullivan v. Hudson*, 490 U.S. 877 (1989), the Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with his case prior to filing a complaint in federal court. At the very least, this will require him to review notes from the administrative proceedings. Counsel must also meet with his client/prospective client, determine whether his client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court. And, counsel should be compensated for a reasonable amount of time associated with these tasks. Accordingly, we find that he is entitled to the pre-complaint time requested.

**C.    Hours Requested:**

We have also reviewed the remained of counsel's itemization of time appended to her application. ECF No. 16-1. The Defendant has not objected to any other hours for which counsel

seeks a fee award.  Accordingly, we find the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.

   **D.**  **Payment of EAJA fees to Plaintiff's Counsel:**

   Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff.  And, in keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

   **E.**  **Award Recommendation:**

   Based on the above, we recommend awarding Plaintiff attorney fees under the EAJA for: $5,018.55, representing 18.90 attorney hours in 2012 at an hourly rate of $180.00, 1.65 attorney hours in 2013 at a rate of $182.00, and 17.55 paralegal hours at an hourly rate of $75.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

   The parties are further reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IV.**  **Conclusion:**

   Based upon the foregoing, the Court recommends awarding Plaintiff **$5,018.55** pursuant to the EAJA, 28 U.S.C. § 2412.

   **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

AO72A
(Rev. 8/82)

reminded that objections must be both timely and specific to trigger *de novo* review by the

district court.

Dated this <u>12th</u> day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

7

AO72A
(Rev. 8/82)